**INVERSORA MURTEN,**
**S.A., Appellant**

v.

**ENERGOPROJEKT–NISKOGRADNJA**
**COMPANY, LTD., Appellee.**

**International Bank for Reconstruction and Development and International Development Association, Appellees.**

**No. 07–7049.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 14, 2008.

14

Jon Schuyler Brooks, Phillips, Nizer, Benjamin, Krim & Ballon, New York, NY, for Appellant.

William J. Mertens, Law Office of William J. Mertens, Bethesda, MD, for Appellee.

Griffith Lowell Green, Sidley Austin LLP, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge; HENDERSON, Circuit Judge; and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C. CIR. R. 36(b).

In 1996, Inversora Murten, S.A. ("Inversora") obtained a default judgment for almost $39 million in the U.S. District Court for the District of New Jersey against Energoprojekt Holding Company ("Ener-goprojekt"). After learning that Nigeria had awarded contracts to Energoprojekt for projects purportedly financed by the International Bank for Reconstruction and Development ("IBRD") and the International Development Association ("IDA") (collectively, "World Bank"), Inversora registered its judgment against Energoprojekt in the U.S. District Court for the District of Columbia. Inversora obtained a Writ of Attachment on Judgment Other Than Wages, Salary and Commissions ("Writ of Attachment") directed to the World Bank as garnishee. On March 18, 2003, Inversora served the Writ of Attachment on the World Bank. On the same day, the World Bank responded to Inversora by letter stating that the World Bank is "immune from writ(s) of attachment and accompanying interrogatories ... [,]" citing the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288a(b), and *Atkinson v. Inter–American Development Bank*, 156 F.3d 1335 (D.C.Cir.1998). Letter from Philip Beauregard, Senior Counsel, World Bank, to Jon Schuyler Brooks, Counsel, Inversora (Mar. 18, 2003).

On January 23, 2004, Inversora filed a motion in the district court to enter a default judgment against the World Bank for almost $39 million, pursuant to Title 16, Section 526 of the D.C.Code. The magistrate judge recommended that the district court deny Inversora's motion. *Inversora Murten, S.A. v. Energoprojekt Holding Co.*, Misc. Case No. 03–73 (D.D.C. Aug. 6, 2004) (Report and Recommendation). On February 22, 2007, the district court denied Inversora's motion and adopted the magistrate judge's report and recommendation. *Inversora Murten, S.A. v. Energoprojekt Holding Co.*, Misc. Case No. 03–73, slip op. (D.D.C. Feb. 22, 2007). Inversora timely appealed.

The IOIA grants "[i]nternational organizations, their property and their assets ... the same immunity from suit and every form of judicial process as is enjoyed by foreign governments...." 22 U.S.C. § 288a(b). We held in *Atkinson* that

> [i]n light of this text and legislative history, we think that despite the lack of a clear instruction as to whether Congress meant to incorporate in the IOIA subsequent changes to the law of immunity of foreign sovereigns, Congress' intent was to adopt that body of law only as it existed in 1945—when immunity of foreign sovereigns was absolute.

156 F.3d at 1341. While the IOIA provides absolute immunity from suit to organizations such as the World Bank, *see id.*, "organizations may expressly waive their immunity for the purpose of any proceeding or by the terms of any contract." 22 U.S.C. § 288a(b). The Articles of Agreement of the IBRD and IDA contain such express waivers. *Mendaro v. World Bank*, 717 F.2d 610, 617 (D.C.Cir. 1983) (referring to IBRD's art. VII, § 3, which contains the same language as IDA's art. VIII, § 3). But this "facially broad waiver of immunity ... must be narrowly read in light of both national and international law governing the immunity of international organizations." *Id.* at 611. As a result, this Court has determined that "the Bank's immunity should be construed as *not waived* unless the particular type of suit would *further* the Bank's objectives." *Atkinson*, 156 F.3d at 1338.

Because the immunity conferred upon international organizations by the IOIA is absolute, it does not contain an exception for commercial activity such as the one codified in the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1605(a)(2); *see Atkinson*, 156 F.3d at 1341. So to overcome the World Bank's immunity, appellants must rely on the express waiver in the organization's Articles of Agreement. Just as the World Bank's interests are not furthered by subjecting itself to wage garnishment proceedings, *Atkinson*, 156 F.3d at 1338, its interests are not advanced by subjecting itself to non-wage garnishment proceedings initiated by third-party judgment creditors of member nations' contractors. The minimal benefit provided by proceedings that alert the World Bank to contractors' judgment debts does not outweigh the costs associated with waiving the World Bank's immunity. The World Bank simply has no interest in giving a third party funds that belong to the World Bank and are only payments to a contractor from a loan made to a member nation. In addition, the World Bank already has a system in place for discovering information about contractors' finances. A slight increase in information about judgment debts does not outweigh the costs of serving as a garnishee (of World Bank funds) for any number of contractors operating around the world.

Because the Articles of Agreement of the IDA and IBRD are the only contracts that even nominally address the tentative relationship between the World Bank and Inversora, and they do not waive the World Bank's immunity in this case, no further discovery is warranted.

We also reject Inversora's claim that the World Bank waived its immunity by asserting it in a letter to Inversora rather than in a more formal motion to the court. We agree with the district court that such a result "would elevate form over substance with a draconian result, a result not supported in law." Memo. Op. & Order at 6.

For the reasons stated in the district court's memorandum opinion and order and those adopted in the magistrate judge's report and recommendation, we af-

**16**

firm the denial of Inversora's motion for default judgment. Accordingly, it is

ORDERED AND ADJUDGED that the district court's denial of the default judgment motion is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C. CIR. R. 41.